1

2

3

4

5

6

7

8                                    IN THE UNITED STATES DISTRICT COURT

9                                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   VICTOR MILITAN, et al.,

11              Plaintiffs,                              No. CIV S-09-2470 MCE KJM PS

12        vs.

13   COUNTRYWIDE HOME LOANS, INC. et al.,        ORDER AND

14              Defendants.                      FINDINGS AND RECOMMENDATIONS

15   _____/

16            Defendants' motion to dismiss came on regularly for hearing on November 18,

17   2009.  No appearance was made for plaintiff.  Berrie Goldman appeared telephonically for

18   defendants Countrywide Home Loans, Reconstruct Company and Mortgage Electronic

19   Registration Systems.  Upon review of the documents in support, no opposition having been

20   filed, and good cause appearing, THE COURT FINDS AS FOLLOWS:

21            Plaintiff filed this action in state court and the action was removed to this court on

22   September 2, 2009.  On September 9, 2009, defendants filed a motion to dismiss, to which

23   plaintiff did not timely respond.  By order filed October 9, 2009, plaintiff was given additional

24   time in which to file opposition to defendants' motion and was cautioned that failure to file

25   opposition would be deemed as a statement of non-opposition.  Plaintiff still has not filed an

26   opposition and failed to appear at the hearing on the motion held on November 18, 2009.

                                                   1

1    The Federal Rules of Civil Procedure provide for dismissal of actions based on
2    lack of prosecution.  Fed. R. Civ. P. 41(b).  Pro se litigants are bound by the rules of procedure,
3    even though pleadings are liberally construed in their favor.  King v. Atiyeh, 814 F.2d 565, 567
4    (9th Cir. 1987).  In determining whether to dismiss for lack of prosecution, generally the court
5    considers (1) the public's interest in expeditious resolution of litigation, (2) the court's need to
6    manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring
7    disposition of cases on their merits, and (5) the availability of less drastic sanctions.  See, e.g.,
8    Al-Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir. 1996).  The court may dismiss a case sua
9    sponte for lack of prosecution by the plaintiff.  Hamilton Copper & Steel Corp. v. Primary Steel,
10   Inc., 898 F.2d 1428 (9th Cir. 1990).  Sua sponte dismissal requires a "close focus" on
11   consideration of "less drastic alternatives" and whether or not there has been a "warning of
12   imminent dismissal of the case."  Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992).

13   In determining that this action will be dismissed, the court has considered all the
14   factors set forth in Al-Torki.  The first two factors on their face favor the imposition of sanctions
15   in this case which has been pending for more than two months with motion practice underway.
16   Compare Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990).  Regarding the third factor,
17   defendants already have briefed their motion to dismiss, and would be prejudiced by the need for
18   further litigation of this matter despite plaintiff's non-responsiveness.  Moreover, delay itself
19   generally is prejudicial--witness memories fade and evidence becomes stale or undiscoverable.
20   While the fourth factor favors resolution on the merits, in this case plaintiff has declined to
21   oppose the motions to dismiss and has thus precluded the court's evaluation of the potential
22   merits of such an opposition.  Under these circumstances, the fourth factor is outweighed by the
23   others.

24   Focusing on the fifth Al-Torki factor and warning regarding imminent dismissal,
25   as required by Oliva, the court in its October 9, 2009 order has advised plaintiff that this action is
26   subject to dismissal, directed plaintiff to file opposition, and granted ample additional time to

2

1   oppose the pending motion after plaintiff failed to timely oppose defendants' motion to dismiss,

2   all to no avail.  From plaintiff's failure to respond to the most recent order and failure to appear

3   at the hearing on the motions to dismiss, the court finds that plaintiff has abandoned this

4   litigation.  The court therefore concludes there is no suitable alternative less drastic sanction to

5   dismissal.

6           Defendant Najarian Loans has noticed a motion to dismiss for December 2, 2009.

7   Plaintiff again has failed to timely oppose the motion.  In light of the court's recommendation

8   that this action be dismissed, the December 2, 2009 hearing will be vacated.

9           Accordingly, IT IS HEREBY ORDERED that the hearing date of December 2,

10  2009 is vacated; and

11          IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice.

12          These findings and recommendations are submitted to the United States District

13  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten

14  days after being served with these findings and recommendations, any party may file written

15  objections with the court and serve a copy on all parties.  Such a document should be captioned

16  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

17  shall be served and filed within ten days after service of the objections.  The parties are advised

18  that failure to file objections within the specified time may waive the right to appeal the District

19  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

20  DATED: November 24, 2009.

21
                                                    _____
22  006                                             U.S. MAGISTRATE JUDGE
    militan.57

23

24

25

26